149 So. 853

## NORRIS v. STATE.

4 Div. 987.

Court of Appeals of Alabama.

May 9, 1933.

Rehearing Denied June 30, 1933.

Walters & Walters, of Troy, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

There is nothing complicated about this case.

Appellant was indicted for the offense of unlawfully being in possession, etc., of a still, etc., to be used for the purpose of manufacturing prohibited liquors, etc.

The state's testimony was to the effect that a still, etc., was found, set up, etc., and that appellant was there working, etc.—specifically "toting some beer out of a barrel and putting it in a (the) still," etc.

Appellant did not deny being there, etc., nor that there was a still, etc., but his testimony was to the effect that he was out, upon the occasion in question, to cut some "yard brooms" or "brush brooms;" that he had only been at the still, etc., a short time; that he neither owned it, nor possessed it, nor had any connection whatsoever with it, etc.

We are convinced, from a careful reading of the entire evidence, that appellant was in no way injured by any ruling made on the taking of testimony; both the state's theory, and his own "brush broom" theory were fully developed in the testimony. The issues were clearly drawn, and, even granting that there was any technical error committed in any ruling referred to, we are of the decided opinion that such ruling did not "injuriously affect substantial rights of the (appellant)." Supreme Court Rule 45.

Hence we could not order a reversal of the judgment of conviction on account thereof. Id.

Appellant proved a good reputation for himself; but the learned trial judge in his charge to the jury—both oral and written—gave him the full benefit of it. In fact, the unusually ample oral charge, in connection with the considerable number of written charges given at appellant's request, covered completely, abundantly, and with fairness to appellant, every applicable principle of law, in the case. There was no occasion to give, hence no error to refuse, other written charges. Code 1923, § 9509.

The case in its every aspect appears to us, after careful study and consideration, not only of the entire record, including the bill of exceptions, but, as well, of the excellent brief filed here on behalf of appellant, to have been correctly tried.

The judgment of conviction must be, and is, affirmed.

Affirmed.